IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FITLIFE BRANDS, INC.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>1928 WINGS LLC d/b/a AMPLICELL,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

COMES NOW FitLife Brands, Inc. ("FitLife" or "Plaintiff") and for its Complaint against 1928 Wings LLC d/b/a Amplicell ("Amplicell" or "Defendant"), alleges as follows:

1. FitLife is a corporation organized and existing under the laws of the state of Nevada with a principal place of business in Omaha, Nebraska.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the state of Delaware and maintains its principal place of business at 9903 Santa Monica Blvd., Beverly Hills, CA 90212.

3. This is an action for injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1051, et. seq. and under Nebraska common laws based on Defendant's wrongful use of the federally registered trademark KETO-MAX (U.S. Reg. No. 4,382,775).

4. This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement and false designation of origin and false descriptions pursuant to provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over the claims in this action which arise under the statutory and common laws of the state of Nebraska pursuant to 28 U.S.C. § 1367(a)

because the state law claims are so related to the federal claims that they form a part of the same case or controversy and arise from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This Court has personal jurisdiction over this Defendant because it conducts business in this jurisdiction, such as offering the infringing product for sale via Defendant's interactive website.

7. FitLife is the sole owner of U.S. Trademark Registration No. 4,382,775 for the mark KETO-MAX (the "Trademark"). The Trademark has a registration date of August 13, 2013 and a first use of January 29, 2004. The Trademark is used in connection with goods, in particular, "[d]ietary supplements."

8. FitLife is the sole and exclusive owner of the Trademark. FitLife offers products for sale in connection with the Trademark and the Trademark has an outstanding reputation in the dietary supplements industry.

9. The Trademark is in full force and effect, is entitled to broad protection and has become incontestable pursuant to 15 U.S.C. § 1065.

10. FitLife and/or its predecessors have been using and promoting the Trademark in commerce since at least as early as 2004.

11. FitLife has expended enormous amounts of time, effort, capital and resources and, in that respect, owns extremely valuable proprietary rights to the Trademark in the dietary supplements industry.

12. The Trademark identifies high quality products originating exclusively with FitLife, namely, an "advanced dietary supplement" which FitLife states is a "Fat and Carb Blocking/Appetite Suppression Complex" to "Improve Metabolism and Fat Burning." Customers from anywhere can purchase these dietary supplements via FitLife's interactive

website, *available at* https://fitlifebrands.com/products/ketomax-3-in-1, along with Amazon, eBay and GNC websites, including at GNC retail stores.

13. As a result of FitLife's widespread, continuous and exclusive use of the Trademark to identify its dietary supplements and FitLife as its source, FitLife owns valid and subsisting federal statutory and common law rights to the Trademark.

14. Long after FitLife's adoption and use of the Trademark, Defendant wrongfully adopted and began using the similar mark "KETO MAX" in connection with the sale, offering for sale, distribution and advertising of similar dietary supplements directed towards a similar purpose, namely, a "premium dietary supplement" which Defendant states "Suppresses Appetite," "Burns Fat For Fuel," and "Increases Metabolism." Customers until recently could purchase these dietary supplements online through Amazon, and customers may currently purchase these dietary supplements via Defendant's interactive website, *available at* https://www.amplicellnutrition.com/products/keto-pills-utilize-fat-for-energy-with-ketosis-boost-energy-and-metabolism-keto-bhb-supplement-for-women-and-men-keto-diet-pills.

15. Upon information and belief, Defendant either knew and was well aware of FitLife's valuable proprietary rights or Defendant adopted its infringing name with reckless indifference to FitLife's valuable proprietary rights.

16. On or about February 27, 2020, FitLife's counsel notified Defendant of FitLife's proprietary rights and asked that Defendant immediately cease and desist its infringing conduct.

17. On or about February 21, 2024, Defendant's counsel contacted FitLife via e-mail in response to a case that FitLife filed with Amazon asserting its trademark rights against Defendant. On or about that same date, FitLife responded via e-mail and proposed settlement. Defendant's counsel failed to respond to FitLife's proposed settlement.

18. On or about March 13, 2024, FitLife's counsel contacted Defendant demanding that Defendant immediately cease and desist its infringing conduct of FitLife's proprietary rights.

19. Notwithstanding the foregoing, Defendant has failed and refused to cease its wrongful use and continues to assert rights in FitLife's Trademark.

20. Defendant has sold, offered for sale and distributed dietary supplements, in addition to making various advertisements, under the "KETO MAX" name, despite full knowledge that such conduct infringes the proprietary rights of FitLife. These dietary supplements are advertised and offered for sale on a nationwide basis, including Nebraska.

21. Defendant is not now, nor has it ever been associated, affiliated or connected with or endorsed or sanctioned by FitLife.

22. Defendant's use of the Trademark in its name has caused and is likely to continue to cause consumers, the public and trade to erroneously believe that the dietary supplements sold by Defendant emanate or originate from FitLife, and that said dietary supplements are authorized, sponsored or approved by FitLife, which they are not.

23. Defendant has acted with reckless disregard for FitLife's valid rights and/or was willfully blind in connection with its unlawful activities. Alternatively, Defendant intentionally engaged in its infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

24. As a consequence of Defendant's wrongful conduct, FitLife has suffered irreparable harm and damage.

25. FitLife has no adequate remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT

26. FitLife incorporates all prior allegations as if set forth at length herein.

27. FitLife's Trademark is strong and is entitled to broad protection.

28. Based upon FitLife's extensive advertising and promotion of its dietary supplements under the Trademark, the volume of revenues it has derived in connection with the Trademark, and the popularity of the Trademark, the Trademark is immediately associated by purchasers, the public and the trade as being a product, name or affiliate of FitLife.

29. Defendant's conduct as described above constitutes Defendant's use in commerce of FitLife's Trademark.

30. Defendant has intentionally used the Trademark knowing that it is the exclusive property of FitLife in connection with the sale, offering for sale, distribution and advertising of goods in the dietary supplements industry.

31. Defendant's conduct described above creates the false and misleading impression that Defendant is sanctioned, permitted, authorized or otherwise approved by FitLife to use the Trademark to advertise, market, offer for sale and/or sell dietary supplements when, in fact, Defendant is not so authorized.

32. Defendant is now engaging in the aforementioned activity with the intent to confuse and deceive consumers, the public and the trade.

33. Defendant's aforesaid use of the name "KETO MAX," which incorporates the Trademark, has caused, and is likely to cause, confusion, mistake and deception with FitLife and/or its products that are sold under the Trademark and will undoubtedly result in the belief by purchasers, consumers, the public and the trade that Defendant and/or its products are connected with, sponsored by or approved by FitLife.

34. Defendant's use of the name "KETO MAX," which incorporates the Trademark, constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. On information and belief, Defendant's wrongful conduct has been willful, intentional and/or in reckless disregard of FitLife's aforesaid rights.

36. Defendant's wrongful conduct has resulted in irreparable damage to FitLife and will continue to irreparably damage FitLife until enjoined by this Court. FitLife is without an adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

37. FitLife incorporates all prior allegations as if set forth at length herein.

38. Defendant's conduct including, but not limited to, use of the name "KETO MAX" which incorporates the Trademark, falsely represents that Defendant and its aforesaid products as being affiliated, connected or associated with or sponsored or approved by FitLife in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant's aforesaid acts constitute unfair competition with FitLife and result in Defendant's unjust enrichment.

40. Defendant's wrongful conduct has resulted in irreparable damage to FitLife and will continue to irreparably damage FitLife until enjoined by this Court. FitLife is without an adequate remedy at law.

## COUNT III
## DILUTION

41. FitLife incorporates all prior allegations as if set forth at length herein.

42. Defendant's use of its name, which incorporates the Trademark, constitutes commercial use in commerce.

43. The Trademark is famous and inherently distinctive.

44. Defendant's use of the name "KETO MAX" as a source of origin causes dilution of the Trademark in that Defendant's use impairs the distinctiveness of FitLife's Trademark.

45. FitLife is suffering, and will continue to suffer, irreparable harm from the dilutive conduct occurring as a result of the activities of Defendant.

46. The aforesaid acts of Defendant are diluting the distinctive quality of the Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. Defendant has intentionally and willfully appropriated the Trademark and traded upon FitLife's Trademark and reputation.

48. Defendant's wrongful acts of dilution will continue unless enjoined by this Court.

## COUNT IV
## VIOLATION OF STATE DECEPTIVE TRADE PRACTICES ACTS

49. FitLife incorporates all prior allegations as if set forth at length herein.

50. The conduct of Defendant constitutes deceptive trade practices in violation of the Nebraska Deceptive Trade Practices Act, Nebraska Revised Code § 87-301 et. seq.

51. As a result of the conduct of Defendant, FitLife is entitled to all of the legal remedies under the Nebraska Deceptive Trade Practice Act.

## COUNT V
## STATE TRADEMARK INFRINGEMENT

52. FitLife incorporates all prior allegations as if set forth at length herein.

53. The conduct of Defendant as stated above constitutes infringement in violation of Nebraska Revised Code § 87-126 et. seq.

54. As a result of the conduct of Defendant, FitLife is entitled to all of the legal remedies under Nebraska Revised Code § 87-126 et. seq.

## COUNT VI
## VIOLATION OF STATE ANTI-DILUTION LAWS

55. FitLife incorporates all prior allegations as if set forth at length herein.

56. The conduct of Defendant as stated above is diluting the distinctive quality of the Trademark in violation of Nebraska Revised Code § 87-140 et. seq.

57. As a result of the conduct of Defendant, FitLife is entitled to all of the legal remedies under Nebraska Revised Code § 87-140 et. seq.

## COUNT VII
## COMMON LAW

58. FitLife incorporates all prior allegations as if set forth at length herein.

59. The aforementioned acts of Defendant constitute infringement, dilution, unfair competition and deceptive trade practices under the common law of the State of Nebraska.

WHEREFORE, FitLife prays that:

1. Defendant and its officers, agents, servants, employees, franchisees, and attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using in any manner the name KETO MAX as a trademark, and whether alone or in association with other words or symbols.

2. Defendant be required, in accordance with 15 U.S.C. § 1118 and state law, to deliver to FitLife for destruction all items which in any way or manner depict the name KETO MAX, whether it is used alone or in association with other words or symbols.

3. FitLife shall be awarded all damages it has sustained as a consequence of Defendant's infringement of the Trademark or any unfair competition.

4. Awarding FitLife all gains, profits, and advantages derived by the Defendant's infringement of the Trademark or any unfair competition and that the same be held in constructive trust for the benefit of FitLife.

5. Awarding FitLife prejudgment interest on all recoverable damages at the legal pre-judgment rate and interest on said sums at the legal judgment rate from the date of said judgment.

6. Awarding FitLife costs of the action as authorized by law.

7. Awarding FitLife treble the amount of actual damages suffered by it as authorized by law.

8. Awarding FitLife reasonable attorney's fees as authorized by law.

9. FitLife shall have such other and further equitable relief as the Court deems just and equitable.

Plaintiff requests a jury trial in Omaha, Nebraska.

Dated this 4th day of April 2024        FitLife Brands, Inc., Plaintiff

By: s/Luke C. Holst
Luke C. Holst, NE #23834
Brian T. McKernan, NE #22174
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-6896 fax
lholst@mcgrathnorth.com
bmckernan@mcgrathnorth.com

*Attorneys For Plaintiff*